Victor Manuel MEDRANO–
CRUZ, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 00–70924.

INS No. A72–442–532.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 13, 2001.*

Decided Aug. 30, 2001.

Before HAWKINS, TASHIMA, and
GOULD, Circuit Judges.

MEMORANDUM **

Victor Manuel Medrano–Cruz, a native
and citizen of El Salvador, petitions pro se
for review of the Board of Immigration
Appeals' ("BIA") decision dismissing his
appeal from an immigration judge's ("IJ")
order denying his applications for asylum
and withholding of deportation. We have
jurisdiction pursuant to 8 U.S.C. § 1105a.[1]
Where, as here, the BIA adopts the IJ's
decision while adding its own reasons, we
review both the BIA's and the IJ's deci-
sions for substantial evidence. *See Katu-
ria v. INS,* 232 F.3d 1107, 1112 (9th Cir.
2000). We deny the petition.

Medrano–Cruz testified that he feared
persecution from guerrillas, who tried re-
cruiting him into their ranks because of his
military experience. Because forced re-
cruitment by guerrillas, without more,
does not amount to persecution based on
race, religion, nationality, membership in a
social group or political opinion, substan-
tial evidence supports the BIA's and IJ's
orders denying Medrano–Cruz's applica-
tion for asylum. *See INS v. Elias–Zacari-*

---

\* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by 9th Cir. R. 36–3.

1. Pursuant to the Illegal Immigration Reform
and Immigrant Responsibility Act of 1996
("IIRIRA"), the transitional rules apply, *see
Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.
1997), and we therefore have jurisdiction un-
der 8 U.S.C. § 1105a(a), as amended by IIRI-
RA § 309(c), *see Avetova–Elisseva v. INS,* 213
F.3d 1192, 1195 n. 4 (9th Cir.2000).

**694**

as, 502 U.S. 478, 481–82, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Because Medrano–Cruz has not satisfied the standard required for a grant of asylum, he has failed to meet the higher standard for withholding of deportation. *See Aruta v. INS,* 80 F.3d 1389, 1396 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**